BENJAMIN B. WAGNER
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant United States Attorney
Eastern District of California
501 I Street, Suite 10-100
Sacramento, CA  95814-2322
Telephone:  (916) 554-2760
Facsimile:   (916) 554-2900
email: yoshinori.himel@usdoj.gov

Attorneys for Petitioner United States of America

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>NORA BRAYSHAW,<br><br>　　　　　　　　　Respondent. | **PETITION WITH DECLARATION TO ENFORCE INTERNAL REVENUE SUMMONS**<br><br>Taxpayer:  NORA BRAYSHAW |

　　　　Petitioner, the UNITED STATES OF AMERICA, by its attorney, BENJAMIN B. WAGNER, United States Attorney for the Eastern District of California, alleges:

　　　　1.　　Subject matter jurisdiction of this proceeding is given by 28 U.S.C. Sections 1340 (actions under the internal revenue laws) and 1345 (proceedings by the United States).  Under I.R.C. Sections 7402(b) and 7604(a), the United States Attorney has been authorized to bring this proceeding for judicial enforcement of Internal Revenue Service summonses.

　　　　2.　　By personal knowledge and knowledge of applicable procedures, CRYSTAL LANGSTON is a duly commissioned Revenue Agent employed in the Small Business/Self-Employed Division, California Area, Internal Revenue Service.  She is authorized to issue an Internal Revenue Service summons under Internal Revenue Code Section 7602 (26 U.S.C.), Treasury Regulation Section 301.7602-1, 26 C.F.R. Section 301.7602-1, and Internal Revenue Service Delegation Order No. 4 (as revised).

3. By knowledge of the investigation, the respondent, NORA BRAYSHAW, resides at 607 W. Mountain Ridge Road, Lake Almanor, CA 96137, within the jurisdiction of this Court.

4. By personal knowledge, petitioning Revenue Agent CRYSTAL LANGSTON is conducting an investigation to determine the tax liabilities of NORA BRAYSHAW for the years: 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.

5. On information and belief, the respondent, NORA BRAYSHAW, is in possession and control of testimony, books, records, papers, and other data that may shed light on the matters to be ascertained in the above-described investigation.

6. By personal knowledge, on May 29, 2013, Revenue Officer CRYSTAL LANGSTON issued an Internal Revenue Service summons directing the respondent, NORA BRAYSHAW, to appear before the Revenue Agent on June 12, 2012, at the hour of 10:00 a.m., at Internal Revenue Service, 850 Industrial Street, Redding, CA 96002, to testify and to produce for examination the books, records, papers and other data described in the summons.

7. By personal knowledge, on May 30, 2012, Special Agent LLOYD BENSON left an attested copy of the summons at respondent's last and usual place of abode. By personal knowledge and knowledge of the investigation, an accurate copy of the summons has been supplied for attachment hereto as Exhibit A to the petition. This Exhibit is hereby adopted by reference.

8. By personal knowledge, respondent, NORA BRAYSHAW, did not appear on June 12, 2013. Despite further efforts by IRS Counsel, compliance has not been received.

9. By personal knowledge, respondent's above-described failure to comply with the summons continues to date.

10. By knowledge of the investigation, the testimony, books, records, papers and other data sought by the summons are not already in possession of the Internal Revenue Service.

11. By personal knowledge and knowledge of the investigation, the testimony and the books, records, papers and other data sought by the summons are necessary for the investigation to determine the Federal tax liabilities of NORA BRAYSHAW for the following years: 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.

/ / /

1       12.     By personal knowledge and knowledge of applicable procedures, all administrative steps required by the Internal Revenue Code of 1986 for the issuance of the summons have been taken.

WHEREFORE, petitioner respectfully prays:

1.      That this Court enter an order directing respondent, NORA BRAYSHAW, to show cause, if any, why respondent should not comply with and obey the summons and each and every requirement thereof;

2.      That this Court enter an order directing respondent, NORA BRAYSHAW, to obey the aforementioned Internal Revenue Service summons and each and every requirement thereof, by ordering the respondent's attendance, testimony, and production of the books, records, papers and other data required and called for by the terms of the summons, before Revenue Agent CRYSTAL LANGSTON or any other proper officer or employee of the Internal Revenue Service;

3.      That the United States recover its costs in maintaining this action; and

4.      That this Court grant such other and further relief as is just and proper.

Dated:  June 10, 2014                           Respectfully submitted,

                                                BENJAMIN B. WAGNER
                                                United States Attorney

                                        By:     _/s/   YHimel_____
                                                YOSHINORI H. T. HIMEL
                                                Assistant U.S. Attorney
                                                Attorneys for Petitioner
                                                United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| NORA BRAYSHAW, | ) |
| | ) |
| Respondent. | ) |

**DECLARATION**

Crystal Langston declares:

1. I am a duly commissioned Revenue Agent employed in Small Business/Self-Employed Compliance Area 7, Internal Revenue Service.

2. In my capacity as a Revenue Agent, I am conducting an investigation into the tax liability of Nora Brayshaw for the following years: 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.

3. In furtherance of the above investigation and in accordance with section 7602 of Title 26, U.S.C., I issued on May 29, 2013, an Internal Revenue Service summons to Nora Brayshaw, to give testimony and to produce for examination books, papers, records, or other data as described in said summons. A copy of the summons is attached hereto as **Exhibit 1**.

4. In accordance with section 7603 of Title 26, U.S.C., on May 30, 2013, Special Agent Lloyd Benson, at my direction,

served an attested copy of the Internal Revenue Service summons described in paragraph 3 above on the respondent, Nora Brayshaw, by leaving it at the last and usual place of abode of the respondent, as evidenced in the certificate of service on the reverse side of the summons.

5. On June 12, 2013, the respondent, Nora Brayshaw, did not appear in response to the summons.

6. The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

7. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

8. As of the date that the summons was issued and served, and as of the day I signed this declaration, no recommendation for criminal prosecution of Nora Brayshaw has been made by the Internal Revenue Service to the United States Department of Justice. In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to Nora Brayshaw.

9. It is necessary to obtain the testimony and to examine the books, papers, records or other data sought by the summons in order to properly investigate the Federal tax liability of

Nora Brayshaw for the following years: 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of November, 2013.

*Crystal Langston*
Crystal Langston
Revenue Agent

# Summons

In the matter of __Nora Brayshaw__
Internal Revenue Service (Division): __SMALL BUSINESS/SELF EMPLOYED__
Industry/Area (name or number): __CALIFORNIA EXAM AREA 7__
Periods: __YEARS ENDED DECEMBER 31, 2002 through 2012__

## The Commissioner of Internal Revenue

**To:** Nora Brayshaw

**At:** 607 W. Mountain Ridge Road, Lake Almanor, CA

You are hereby summoned and required to appear before __Crystal Langston, Revenue Agent, ID # 0507174, or designated agent__ an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

you are required to appear before Crystal Langston or her designee.

Date: June 12, 2013
Time: 10:00 am
Location: 850 Industrial St., Redding, CA 96002

See attachment for the documents you are summonsed to bring with you to the above appearance.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
Crystal Langston, Revenue agent, # 0507174- 4330 Watt Avenue, Sacramento, CA  95821 , (916) 974-5487

**Place and time for appearance at** Internal Revenue Service, 850 Industrial St., Redding, CA 96002 on June 12, 2013 at 10:00 am

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the __12TH__ day of __JUNE__, __2013__ at __10__ o'clock __a__ m.
Issued under authority of the Internal Revenue Code this __29TH__ day of __MAY__, __2013__.
(year)

_Crystal Langston_ (signature)
Signature of issuing officer

_signature_
Signature of approving officer (if applicable)

REVENUE AGENT ID # 0507174
Title
GROUP MANAGER ID # 0507324
Title

**Original** — to be kept by IRS

# EXHIBIT A



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| May 30, 2013 | 10:00 AM |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☒ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____
607 W. Mountain Ridge Road, Lake Almanor, CA

| Signature | Title |
|---|---|
| [signature] | Special Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: May 30, 2013     Time: 10:00 AM

Name of Noticee: Nora Brayshaw

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☒ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| [signature] | Special Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | REVENUE AGENT |

Form 2039 (Rev. 12-2001)

EXHIBIT A

Provide the following documents for the period January 1, 2002 through December 31, 2012, unless otherwise specified:

1. All records in your possession or under your control relating to all foreign and domestic bank accounts, securities accounts, or loan or line of credit accounts maintained under any name, over which you or your spouse had signature or other authority, or over which you or your spouse exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, including but not limited to, the following:

    a. signature cards, regardless of date;
    b. account applications, regardless of date;
    c. periodic statements;
    d. front and back of deposit slips and deposited items for all deposits in excess of $1,000;
    e. debit and credit memos;
    f. wire transfer orders and confirmations and other similar records of all wire transfers into and out of the account indicating the originator, originator's bank, beneficiary, beneficiary's bank, intermediary banks, ordering party, date and amount, and any reference information for parties to the transfer;
    g. front and back of cancelled checks or other withdrawals equal to or greater than $5,000 (front and back) for these accounts;
    h. correspondence, e-mail and other communications, or records of oral communications, regarding the accounts; and
    i. desk files and memorandum files (or as known by other name reference) of securities brokers, account executives, private bankers and relationship managers responsible for the financial affairs of you or your spouse

2. All Statements of Certificate of Deposit for all Certificates of Deposit, Time Deposits, or equivalent accounts over which you or your spouse had signature authority or other authority, or over which you or your spouse exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, and which were in existence at any time during the calendar years ending December 31, 2002 through December 31, 2012.

3. For any loans obtained or existing, or other credit extended to or received by you or your spouse or any entity controlled by him directly or indirectly through powers of attorney, letters of wishes or nominees, provide all loan documents for loans which were in existence during the calendar years ending December 31, 2002 through December 31, 2012, including the following:

    a. Copies of loan applications and any related correspondence ;
    b. Copies of all loan agreements;
    c. Any financial statements provided to obtain the loan;
    d. Any credit reports obtained; and
    e. Record of all payments or receipts of principal and interest.

4. All records relating to credit, debit or other payment cards, under any name, over which you or your spouse had signature authority or other authority, or over which you or your spouse exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, including but not limited to the following documents:

    a. signature cards, regardless of date;
    b. card applications, regardless of date;
    c. periodic statements reflecting transactions and payments on the card; and
    d. correspondence, e-mail and other communications, or records of oral communications,

EXHIBIT A

5. All accounting books and records for any income producing activity that you or your spouse owned, operated, or controlled during the period beginning January 1, 2002 and ending December 31, 2012, including the business at goflow.com.

6. All records relating to merchant accounts or other accounts that allowed you or your spouse to charge third party's credit cards maintained under any name, over which you or your spouse had signature or other authority, or over which you or your spouse exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, including but not limited to, the following:
    a. account applications, regardless of date;
    b. periodic statements;
    c. wire transfer orders and confirmations and other similar records of all wire transfers into and out of the account indicating the originator, originator's bank, beneficiary, beneficiary's bank, intermediary banks, ordering party, date and amount, and any reference information for parties to the transfer; and
    d. correspondence, e-mail and other communications, or records of oral communications, regarding the accounts; and

7. All records of any name other than "Nora Brayshaw" that you have used. These records should include, but are not limited to, social security cards, birth certificates, passports, and driving licenses.

8. Please provide the following entity records for any entity over which you or your spouse had any ownership interest or control:
    a. formation documents;
    b. documents provided by the State in which the entity was formed;
    c. minutes and resolutions;
    d. accounting books and records; and
    e. records that identify the former and current owners, employees, directors, trustees, beneficiaries, certificate holders.
    f. filed or prepared tax returns

EXHIBIT A