UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>NORA BRAYSHAW,<br><br>　　　　Respondent. | No.  2:14-mc-0088-MCE-KJN<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　This matter was heard by the undersigned on August 21, 2014, as a result of an order to show cause ("OSC") entered June 20, 2014, which ordered respondent to show cause why she should not be compelled to obey the summons issued by the Internal Revenue Service ("IRS") on May 29, 2013, pursuant to 26 U.S.C. § 7602.[1]  (ECF No. 3.)  Assistant United States Attorney Yoshinori H. T. Himel appeared on behalf of petitioner, and Revenue Officer Crystal Langston was also present at counsel's table.  Respondent filed a written response to the OSC on July 28, 2014 (ECF No. 4), and attorney Richard Todd Luoma appeared at the hearing on respondent's behalf.  Although respondent has agreed to respond to the IRS summons and appear before Revenue Officer Langston to testify and produce documents as to the matters contained in that

---

[1] This matter is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(9) and 28 U.S.C. § 636(b)(1).  Subject matter jurisdiction is proper under 28 U.S.C. §§ 1340 and 1345.

1

summons, the undersigned recommends that the IRS summons be enforced.

I.  Respondent's Agreement to Respond to the Summons and Appear

On August 6, 2014, the parties filed a stipulation stating "[t]hat Respondent, NORA BRAYSHAW, shall appear in Redding, California at a date, time, and place set by agreement or in writing by Revenue Agent Crystal Langston or any other proper officer or employee of the Internal Revenue Service, and shall testify concerning the matters inquired into by the summons issued by investigating Revenue Agent Crystal Langston on May 29, 2013."  (ECF No. 5 at 1.)  The undersigned approved this stipulation via order on August 6, 2014.  (ECF No. 6.)  Furthermore, counsel for both parties stated at the August 21, 2014 hearing that they were working on setting a date, time, and place for respondent to testify as to the matters inquired into by the May 29, 2013 summons.

The undersigned appreciates the parties' cooperation in regards to the IRS summons.  Furthermore, the undersigned expects that the parties will meet on an agreed upon date in the near future, and also expects that respondent will cooperate with respect to the taking of her sworn testimony and the production of the documents and records called for in the summons.  Nevertheless, the undersigned recommends that the IRS summons be enforced.

II.  Enforcement of the IRS Summons

Revenue Officer Langston is conducting an investigation of respondent to determine respondent's "tax liabilities . . . for the years: 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012."  (ECF No. 1 at ¶ 4.)  On May 29, 2013, the IRS issued a summons directing respondent to appear at the IRS's field office located at 850 Industrial Street, in Redding, California on June 12, 2013, and testify and produce documents called for in the summons.  (Id. ¶ 6 & Exhibit A.)  Respondent did not appear or otherwise comply with the summons.  (See id. ¶¶ 9-10.)

Petitioner subsequently filed the pending verified petition seeking enforcement of the May 29, 2013 IRS summons.  (ECF No. 1.)  The undersigned subsequently entered the OSC, which ordered respondent to show cause why she should not be compelled to obey the summons.  In the OSC, the undersigned found that petitioner had met its burden because "[t]he file reflects a prima

1  facie showing that the investigation is conducted pursuant to a legitimate purpose, that the inquiry
2  may be relevant to that purpose, that the information sought is not already within the
3  Commissioner's possession, and that the administrative steps required by the Code have been
4  followed." (See ECF No. 3 at ¶ 6 (citing United States v. Powell, 379 U.S. 48, 57-58 (1964).)
5  The undersigned further informed respondent that because petitioner had met its initial burden
6  with respect to obtaining enforcement of the summons, the burden had shifted to respondent to
7  oppose enforcement. (Id.) Respondent could "challenge and attempt to rebut the prima facie case
8  of good faith the government has established or attempt to show that enforcement of the summons
9  would otherwise constitute an abuse of the court's process." United States v. Gilleran, 992 F.2d
10 232, 233 (9th Cir. 1993).

11  While respondent initially asserted a defense in her July 28, 2014 response to the petition
12 that the IRS summons had been improperly served on her (ECF No. 4 at 3), she later entered into
13 a stipulation with petitioner stating that she "withdraws the service defense asserted in her
14 Response." (ECF No. 5 at 1.) The undersigned approved this stipulation via an order issued
15 dated August 6, 2014. (ECF No. 6.) Respondent has not raised any other challenges to the
16 enforcement of the summons. Accordingly, respondent has not made a showing that petitioner
17 engaged in an abuse of the court's process or that petitioner lacked good faith in connection with
18 the issuance of the summons. Therefore, respondent has not met her burden to show why the
19 summons should not be enforced. See Gilleran, 992 F.2d at 233. Indeed, respondent has already
20 stipulated that she shall appear before the IRS in Redding, California and testify concerning the
21 matters inquired into by the summons. (See ECF Nos. 5, 6.) Accordingly, the undersigned
22 recommends that the IRS summons be enforced.

23 III.   Conclusion

24  For the foregoing reasons, it is HEREBY RECOMMENDED that:

25  1.   The IRS summons issued to respondent, Nora Brayshaw, be enforced.

26  2.   If petitioner and respondent are unable to resolve the issues pertaining to the IRS
27 summons during a meeting set prior to the entry of an order adopting these findings and
28 recommendations, that respondent be ordered to appear at the IRS offices at 850 Industrial Street,

1  in Redding, California 96002, before Revenue Officer Crystal Langston or her designee, within
2  14 days of the entry of an order adopting these findings and recommendations, if any, or at a later
3  date and time to be set and noticed in writing by Revenue Officer Langston.  At such time,
4  respondent shall be sworn, give testimony, and produce for examination and copying the
5  documents and records demanded by the summons issued on May 29, 2013.  (See ECF No. 1,
6  Exhibit A (detailing the documents and records the summons requires respondent to provide).)

7  These findings and recommendations are submitted to the United States District Judge
8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
9  days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served on all parties and filed with the court within fourteen (14) days after service of the
13 objections.  The parties are advised that failure to file objections within the specified time may
14 waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
15 Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

16 IT IS SO RECOMMENDED.

17 Dated:  August 22, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE