UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-mc-00088-MCE-KJN |
| Petitioner, | |
| v. | **ORDER** |
| NORA BRAYSHAW, | |
| Respondent. | |

On June 16, 2016, the Court held a show cause hearing on the United States of America's petition to have Respondent Nora Brayshaw ("Respondent") held in contempt for her failure to comply with the Court's Order filed September 15, 2014 (ECF No. 11), and why Respondent should not be incarcerated and subjected to daily fines until compliance with that Order is forthcoming.  Following argument from at the time of that hearing, the Court stayed any ruling on the government's request in order to give Respondent time to locate and produce additional records.  The Court admonished Respondent in no uncertain terms that failure to fully cooperate with the government by July 16, 2016 in locating and producing such additional records would not be tolerated.  An additional hearing date of July 28, 2016 was established.  Then, the Court approved two stipulated requests to continue that hearing, first to August 25, 2016 and then to October 20, 2016.

On October 18, 2016, Respondent's attorney, Todd Luoma, filed a Status Report averring that his client had requested and received all available records from UBS Switzerland, AG ("UBS").  Mr. Luoma accordingly took the position that because his client had produced all records over which she had control, there had been compliance with the government's summons.

While Luoma did include a copy of a letter from UBS indicating that no further records could be located, Revenue Agent Crystal Langston filed a declaration in response arguing that because Mr. Luoma had not disclosed his initial records request, she could not tell whether it entailed all applicable records.   According to Ms. Langston, Respondent has refused to provide a copy of the letter or other communication sent to UBS "to confirm she is requesting records that are actually responsive to the tax summons.  Langston Second Supp. Decl., ¶ 4.   In addition, Respondent has declined to either sign a Consent Directive that Langston states could be used to facilitate the delivery of any UBS records that do exist directly to the IRS, or to provide a statute extension for the 2008 Report of Foreign Bank and Financial Accounts which will otherwise expire on December 31, 2016.

The Court could not have been clearer in letting Respondent know, in no uncertain terms, that she faced the prospect of significant consequences if she continued to obstruct the government's efforts to obtain her pertinent financial records. The Court already stayed the government's request that she be imprisoned compliance in an effort to permit her to provide records.  While Respondent now claims she has produced everything in her control, she has inexplicably refused to provide a copy of her correspondence requesting records from UBS. To make matters worse, she has also failed to sign a Consent Directive, or a corresponding statutory extension, that would further aid the government in confirming her claims.  It is beyond belief, particularly given the Court's previous admonition, why Respondent would continue to engage in such obstruction unless she has something to hide.

///

     Respondent is ordered to provide an executed Consent Directive as requested by the government within ten (10) days following the date this Order is electronically filed. Respondent is further directed to provide a statute extension within the same time parameters. Should Respondent persist in refusing to provide those items at the expiration of said ten (10) day period, the government is directed to advise the Court immediately. Respondent should expect to face immediate sanctions, including potential incarceration, if she fails to comply with this Order.

     IT IS SO ORDERED.

Dated: October 19, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE