UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:14-mc-00088-MCE-KJN |
|---|---|
| Petitioner, | |
| v. | **ORDER** |
| NORA BRAYSHAW, | |
| Respondent. | |

The United States filed its Petition to Enforce Internal Revenue Service ("IRS") Summons on June 10, 2014. That Petition seeks an order compelling Respondent Nora Brayshaw ("Brayshaw") to appear for deposition and produce documentation concerning her tax liabilities between 2002 and 2012. By Order filed September 15, 2014, the undersigned adopted the assigned Magistrate Judge's recommendation that the IRS Summons be enforced.

Although this matter was technically closed once that enforcement was ordered, the government has since filed two Petitions for Contempt, arguing that Brayshaw has not cooperated on providing all relevant information with respect to certain Swiss bank accounts maintained by Brayshaw and her now-deceased husband. By Order dated October 20, 2016 (ECF No. 30), Brayshaw was ordered to provide an executed Consent Directive for purposes of obtaining the subject banking records. When the records were

1

provided, however, counsel for the Swiss bank in question, UBS AG, took the position that to the extent additional records existed pertaining to another UBS entity, UBS Swiss Financial Advisers ("UBS SFA"), a new Consent Directive would need to be executed authorizing the procurement of records from UBS SFA. When Brayshaw refused to provide that authorization, the government filed another Petition for Contempt of Court on March 9, 2017. ECF No. 35. On June 1, 2017, following a hearing on the Petition, the Court ordered Brayshaw to provide the additional Consent Directive.

Although Brayshaw has been represented by counsel J. Craig Demetras in pro hac vice since April 19, 2017,[1] and although Mr. Demetras appeared on Brayshaw's behalf at the time of the June 1, 2017 petition. On June 8, 2017, Brayshaw ostensibly filed a Request for Reconsideration of Order to Show Cause as to the Court's June 1, 2017 Order purporting to represent herself in pro se. That Request is now before the Court for adjudication.

Since Brayshaw was represented by counsel at the time she attempted to file her reconsideration request, the request is procedurally improper on that ground alone. As a represented party, Brayshaw cannot file her own documents with the Court. Federal Rule of Civil Procedure 11(a) makes it clear that any written motion or other paper must either be signed by at least one attorney of record in the attorney's name or, if the party is unrepresented, by the party personally. Brayshaw cannot both be represented and file her own motions. Her request for reconsideration must be stricken on that basis and is denied accordingly.

Even if Brayshaw's request was procedurally proper, however, it would still fail on its merits. Under Eastern District Local Rule 230(j), an application for reconsideration must show what new or different facts are claimed to exist at the time of reconsideration which did not exist beforehand, or what other grounds exist for the Motion. Brayshaw's instant request fails to meet that standard. She provides absolutely no new or different

---

[1] The pro hac vice application designated Michael Robert Williams from the Sacramento law firm of Hefner, Stark and Marois as local counsel since Mr. Demetras' offices are located in Reno, Nevada.

facts or circumstances indicating that reconsideration is appropriate. Instead, Brayshaw does no more than rehash the same issues that have already been decided against her.

For all of the reasons, Respondent Nora Brayshaw's Request for Reconsideration (ECF No. 65) is DENIED.

IT IS SO ORDERED.

Dated: January 22, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE